IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHELE FAHEY, | |
| Plaintiff, | |
| v. | Civil Action No _____ |
| KOLCUN TREE CARE, LLC and, JOHN DOES NOS. 1-10., | |
| Defendants. | |

## ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff in the above styled action, by and through her undersigned attorney of record, and files this Complaint for Damages, respectfully showing this Honorable Court the following:

1.

The plaintiff is a resident of the State of Georgia. The defendant Kolcun Tree Care, LLC (hereinafter "Kolcun") is a limited liability company under the laws of South Carolina with its principal place of business in South Carolina. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332. This action is subject to the venue and jurisdiction of this Court.

2.

The defendant John Does No(s). 1-10, at all times relevant to this Complaint for Damages, was an employee of Kolcun and a joint tortfeasor to this action subjecting him/her to the venue and jurisdiction of this Court.

3.

At all times relevant to this Complaint for Damages, John Does No(s) 1-10 was acting within the scope and course of his/her employment with Kolcun.

4.

On or about February 8, 2019, the plaintiff was a tour guide providing carriage rides for tourists in Savannah, Georgia.

5.

During a tour, the horse pulling the carriage was startled by loud noises created by a Kolcun tree trimming crew that was cutting down and chipping tree limbs.

6.

Startled, the horse began to run, taking control of the carriage away from the plaintiff.

7.

The carriage ultimately crashed and turned over on its side severely injuring the plaintiff.

8.

The plaintiff's injuries were caused by the negligence of Kolcun and John Does No(s). 1-10.

9.

Kolcun was negligent, as pled in ¶8 by failing to have sufficient policies and procedures in place to prevent its employees from using wood cutting and chipping equipment when horses were nearby, failing to properly train its employees to refrain from using wood cutting and chipping equipment when horses were nearby, failing to

employees with appropriate equipment to complete their jobs without disturbing horses and other bystanders, and by hiring and retaining an unsafe employee(s), to wit: John Does No(s). 1-10.

10.

John Does No(s). 1-10 was negligent by cutting down and chipping tree limbs while a horse was nearby creating very loud noises that startled the subject horse pulling the carriage.

11.

To date, the plaintiff has incurred the following medical expenses for medical treatment she received for the injuries she sustained in the subject collision:

| Date | Provider | Amount |
| --- | --- | --- |
| 2/8/19 | Mercy Ambulance Service | $1,996.31 |
| 02/08/2019-02/10/2019 | Memorial Health University Medical Center | $75,766.40 |
| 2/8/19 | Georgia Emergency Physician Specialists | $871.00 |
| 2/8/19 | Atlantic Radiology Associates | $1,660.01 |
| 2/8/2019 - 2/9/2019 | Anesthesia Consultants of Savannah | $2,380.00 |
| 02/26/2019 - 12/31/2019 | Chatham Ortho | $5,048.00 |
| 3/4/19-6/14/19 | BenchMark PT | $10,849.50 |
| 6/12/19 | Anesthesia Consultants of Savannah | $2,429.00 |
| **Total** | | **$101,000.22** |

12.

In addition to ¶11, the plaintiff has lost wages in excess of $1.00.

13.

In addition to ¶¶11 and 12, the plaintiff has endured and will continue to endure pain and suffering.

14.

The plaintiff has a cause of action against Kolcun for negligence, negligent hiring and retention of an unsafe employee(s), respondent superior, and all other applicable theories of liability.

15.

The plaintiff has a cause of action against the John Does Nos. 1-10 for negligence and all other applicable theories of liability.

16.

The plaintiff is entitled to recover from the defendants for her past and future medical expenses, lost wages, past and future pain and suffering, and all other Damages as permitted by Law.

WHEREFORE, the plaintiff prays that she have a judgment against the the defendants in an amount determined by a fair and impartial jury to be adequate and just.

This 11th Day of January, 2020.

_____
Dustin W. Hamilton
GA Bar No. 825725
Attorney for Plaintiff

THE DOZIER LAW FIRM, LLC
401 Mall Blvd.
Suite 103-E
Savannah, Georgia 31406
(P) 912-239-4395
(F) 912-239-4401
dustin@dozierlaw.com