IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHELE FAHEY,<br><br>   Plaintiff,<br>v.<br>KOLCUN TREE CARE, LLC and,<br>JOHN DOES NOS. 1-10,<br><br>   Defendants. | Civil Action No. 4:21-cv-00004-WTM-CLR |

PLAINTIFF MICHELE FAHEY'S SUR-REPLY BRIEF IN OPPOSITION TO
DEFENDANT KOLCUN TREE CARE, LLC'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

  COMES NOW, Plaintiff Michele Fahey, and files her Sur-reply Brief in Opposition to Defendant Kolcun Tree Care, LLC's Reply Brief in Support of Motion for Summary Judgment showing this honorable Court the following:

INTRODUCTION

  Defendant Kolcun Tree Care, LLC (hereinafter "Kolcun") has filed a reply brief in response to Plaintiff's Brief in Opposition to Defendant Kolcun Tree Care, LLC's Motion for Summary Judgment. In its brief, Kolcun claims Plaintiff is attempting to re-write the Act. However, it is clear the Kolcun seeks to have this Court apply Georgia's Injuries from Equine, Livestock, and Llama Activities Act (hereinafter "the Act"), in a manner it has never been applied before and refuses to discuss the legislature's intent when enacting the Act. Whether Kolcun was involved and actively engaged in the equine activity is a material element and

determines the whether the Act applies to the subject matter. Since Kolcun was not involved in the equine activity, the Act does not apply. Therefore, Defendant's Motion must be denied.

## ARGUMENT AND CITATIONS TO AUTHROITY

   I.   *Defendant Kolcun was not involved in the Equine Activity*

In an attempt to fall within the meaning of the Act, Kolcun illogically contends it became "involved" in the equine activity by virtue of Plaintiff's allegation it spooked the horse during the tour.

Clearly this reasoning is absurd. O.C.G.A. § 4-12-1provides that the legislature intended to encourage equine activities by limiting civil liability of those involved in such activities. To apply the term "involved" to a company that has nothing to do with equines and was not actively engaged in any equine activity would not further the purpose of encouraging equine activities.

It is undisputed that Kolcun is a tree services company, owned by certified arborist, Michael Kolcun. (Kolcun Depo. 15: 1-3, 19: 15-16) It is undisputed that on February 8, 2019, at the time this incident occurred, Kolcun had a tree trimming crew pruning crape myrtles in Columbia Square pursuant to a contract with the City of Savannah to provide tree care services.  (Kolcun Depo 61: 11-25, 62: 17-29, 72: 9-11, Rodriguez Depo. 25: 24-25, 26: 1-3) Kolcun was solely providing tree care services at the time this incident occurred and its crew was not even

aware the horse-drawn carriage tour was near the jobsite. (Kolcun Depo 61: 11-25, 62: 17-29, 72: 9-11, Rodriguez Depo. 33: 1-15, Exhibit A)

Kolcun was not involved in the equine activity which is a material element of the Act. As a result, summary judgment is improper.

> II. *The rules of statutory construction support Ms. Fahey's position that the Act only applies to those involved and actively engaged in the equine activity*

Kolcun states that the phrase "any other person" provided in O.C.G.A.§ 4-12-3(a) is neither vague nor ambiguous, thus, the Court should use the plain meaning of said phrase. Patton v. Vanterpool. 302 Ga. 253, 806 S.E. 2d 493 (2017). Kolcun further contends, if the legislature truly intended to limit the applicability of O.C.G.A.§ 4-12-3(a) it would have done so within that subsection. These contentions ignore the conflicting language provided in O.C.G.A. § 4-12-1 and the other types of persons identified in O.C.G.A.§ 4-12-3(a). Since there is conflicting language, it is proper to review the text in harmony with entire statute. Muller v. English, 221 Ga. App. 672.

Vanterpool, a case cited by Kolcun, acknowledges that the goal in statutory construction is to discern the intent of the legislature when enacting the particular statute. 806 S.E.2d at 495. Again, the Court can find the legislatures intent within the Act. O.C.G.A.§ 4-12-1. According to the legislature, it intended to limit civil

liability of those involved in equine activities. Id. Consequently, Kolcun's Motion must be denied.

> III. *Wiederkher shows us that Georgia Courts interprets "any other person" to be any other person involved and actively engaged in equine activities*

Defendant contends Ms. Fahey used Wiederkehr v. Brent, out of context. 248 Ga. App. 645 (2001). It misleads the Court by stating the Court analyzed the Defendants in Wiederkehr as "equine activity sponsors" or "equine activity professionals." Id. However, it is clear the Plaintiff in Wiederkehr did not allege claims of liability against Defendants as either "equine activity sponsors" or "equine activity professionals," but only under the category of "any other person." Id at 645.

It is true that "equine activity sponsors" or "equine activity professionals" must follow the duty to warn under O.C.G.A. §4-12-4(c) and that "any other persons" do not; however, Kolcun's use of O.C.G.A.§ 4-12-4 serves only as a smoke screen to conceal the findings of the Court. Id at 646.

The Court clearly states Wiederkehr is neither about equine activity sponsors nor equine activity professionals. Id. Instead, the claim was only brought against Defendants under the category of other persons. Id. Ultimately, the Court found Defendants' "enjoyed immunity from liability for [Plaintiff's] injuries as 'other

persons' *engaged in equine activities*." Id at 646. (**Emphasis** added) The Court followed the intent of the legislature and interpreted the statute in its entirety. Following the State Court's analysis, Defendant Kolcun's Motion must be denied.

    IV.  *Holcomb give us complete context for Defendant's claim of broad immunity and further supports the Act only applies to those involved in equine activities*

Kolcun challenges Plaintiff's analysis of its quote from Gadd v Warwick citing Holcomb v. Long wherein Kolcun claims the legislature intended to create a broad immunity with narrowly defined exceptions. 339 Ga. App. 802 (2016); 329 Ga. App. 515 (2014). Ms. Fahey simply pointed out that Holcomb stated the legislature intended to create "broad immunity for equine professionals **engaging in equine activities**." Id at 520. (**Emphasis** added)

Kolcun denies the Court in Holcomb meant to limit the Act's application to only those involved in equine activities. Kolcun contends there is no interpretation of the Act that supports a reading which limits the Act's application to only those that are involved in equine activities. First, these assertions ignore the preamble of the Act. O.C.GA. § 4-12-1. Second, it ignores the language in Holcomb. Third, it ignores the fact the Act has only been applied to those involved in equine activities including the case it cites in Gadd. 339 Ga. App. 802 (2016).

Kolcun attempts to speak for the Court in <u>Holcomb</u>, and contends the Court only meant to tailor its language to the facts and circumstances of the case. However, the Court in <u>Holcomb</u> concluded the General Assembly left little doubt as to how it expected this statute to be construed explicitly citing O.C.G.A. § 4–12–1. <u>Holcomb</u>, 329 Ga. App. 515, 518. In its analysis of applying the statute, the Court took steps in analyzing the parties involved. Id at 519 "In the case *sub judice*, there is no dispute that the parties were engaged in 'equine activities' as defined by the statute or that [the Plaintiff] was a 'participant' in such activities." Id at 519. This further supports that whether Kolcun was involved in the subject equine activity is a material element to whether the Act applies. Since Kolcun was not involved, its Motion must be denied.

> V. *Kolcun admits the Act has never been applied to those not involved in equine activities, thus, its attempt to apply the Act in that manner would make this a case of first impression*

A case of first impression arising under state law within a federal court requires the court to endeavor to rule as the Supreme Court of the State of Georgia would decide to rule. <u>Illinois Union Ins. Co. v. NRI Const. Inc.</u>, 846 F. Supp. 2d 1366 (2012). The federal Court may seek guidance from analogous cases in other jurisdictions as well as case law from the state for which the matter is of first

impression. Id at 1374, <u>United Nat'l Ins. Co. v. SST Fitness Corp.</u>, 309 F3d. 914 (6th Cir. 2002).

Defendant admits Georgia Court have never applied the Act to those not involved or actively engaged in equine activities, thus there is no Georgia case law to support its position. Since Georgia Courts have only applied the Act to those involved in equine activities, this Court may look to outside jurisdictions. Plaintiff has not found any such case analogous to the facts and law of the subject action in any outside jurisdiction. Ms. Fahey contends that is because the Act only applies to those involved or actively engaged in equine activities. Therefore, Kolcun's Motion should not be granted.

    VI. *Assumption of the risk*

Defendant Kolcun again seeks to convince this Court that Ms. Fahey assumed the risk of her injury as a matter of law. Kolcun contends that the injury which the Ms. Fahey suffered occurred from the "inherent risks of animal activities" defined within the Act and thus, it is afforded the protections of the Act. <u>Young v. Brandt</u>, 225 Ga. App. 889 (1997), O.C.G.A. §4-12-2(7). Without rehashing Plaintiff's entire argument in her original Response in Opposition to Defendant's Motion, the Plaintiff reminds the Court that the Georgia Court of Appeals did not create a blanket standard for assumption of the risk and the individual facts of each case must be analyzed. <u>Young</u>, 225 Ga. App. 889 (1997),

Taylor v. Howren, 270 Ga. App. 226 (2004). Additionally, as a general rule, assumption of the risk is a jury question. Prillman v. Sark, 255 Ga. App. 781 (2002).

In the instant action, Ms. Fahey testified regarding her years of experience with horses and in particular her experience with the horse at issue in this action. (Fahey Depo. 161 14-25, 162: 2-13, 169: 17-19, 169: 25, 171: 6-10). She acknowledged one never knows what may spook a horse, but further states common sense would lead one to know what would more than likely spook a horse, such as a woodchipper. (Fahey Depo 12: 16-19). She further stated that she never would have assumed someone would be so reckless to operate a woodchipper near a horse. (Fahey Depo. 318: 15-25, 319: 1-10).

At the time of the subject incident, Ms. Fahey did not know Kolcun's crew was in Columbia Square. (Fahey Depo. 202: 3-5). There is no evidence the crew made its presence known to the public. (See generally Rodrigues Depo.). Admittedly, the crew failed to have a person designated to keep a lookout for the jobsite. (Rodriguez Depo. 32: 17-25). Ms. Fahey could not appreciate the danger she was approaching.

Furthermore, regular city noises of cars, pedestrians, and minor construction is something to be anticipated. However, the substantial noise created by a woodchipper is not one Ms. Fahey could have appreciated. Kolcun's crew

supervisor Marco Rodriguez admits that woodchippers are loud without a branch being fed into it and louder when a branch is fed into it. (Rodriguez Depo. 41:17-22). He also admits that Kolcun crew members are required to wear ear protection while operating woodchippers. (Rodriguez Depo. 39: 17-19)

These facts illustrate that Ms. Fahey could not have appreciated the risk that led to her injury. It was an unknown risk and one that was out of the ordinary. Consequently, Defendant's Motion must be denied.

### VII. *Additional facts relate to the material issue of whether Defendant was one involved in the equine activity*

Within Ms. Fahey's response to Kolcun's Local Rule 56.1 Statement, she provided additional material facts that were omitted by Kolcun. Kolcun would have the Court ignore these facts claiming they only serve as a distraction; however, that is only because Kolcun refuses to acknowledge that whether it was involved in the subject equine activity is material to its original motion. Since the question of whether Kolcun was involved in the equine activity is material to whether the Act applies to Kolcun, the additional facts are also material. The additional facts show Kolcun was solely engaged in a tree trimming activity, not an equine activity. Kolcun Tree Care was not involved in any equine activity and was solely providing tree care services. (Kolcun Depo 61: 11-25, 62: 17-29, 72: 9-11) As a result, Defendant's Motion must be denied.

## CONCLUSION

Defendant Kolcun's attempt to frame the Ms. Fahey's position as an attempt to re-write the Act ignores the law. Whether Kolcun was involved and actively engaged in the equine activity is material to whether the Act applies to the present action. The legislature intended the Act to provide protection only to those involved in equine activities to encourage opportunities and participation in said activities. To extend the Act to those not involved nor actively engaged in equine activities would defeat the Act's purpose. Since Kolcun was not involved nor actively engaged in the equine activity, the Act does not apply. Thus, the Defendant's Motion for Summary Judgment must be denied.

This the 2nd day of August 2022.

|  |  |
|---|---|
| DOZIER LAW FIRM, LLC<br>401 Mall Blvd. Suite 103-E<br>Savannah, GA 31406<br>Tel: 912-239-4395<br>Fax: 912-239-4401<br>dustin@dozierlaw.com | /s/ Dustin W. Hamilton<br>_____<br>Dustin W. Hamilton<br>Georgia Bar No. 825725<br>*Attorney for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2022, I electronically filed Plaintiff Michele Fahey's Sur-Reply Brief in Opposition to Defendant Kolcun Tree Care, LLC's Reply Brief in Support of Motion for Summary Judgment with the Clerk of Court using the CM/ECF system and served counsel for Defendants by depositing in the United States Mail a copy of the same at the following address:

BRENNAN, HARRIS & ROMINGER, LLP
G. Mason White
James D. Kreyenbuhl
PO Box 2784
Savannah, GA 31402

This the 2nd day of August 2022.

|  |  |
|---|---|
|  | /s/Dustin W. Hamilton |
| DOZIER LAW FIRM, LLC | _____ |
| 401 Mall Blvd. Suite 103-E | Dustin W. Hamilton |
| Savannah, GA 31406 | Georgia Bar No. 825725 |
| Tel: 912-239-4395 | *Attorney for Plaintiff* |
| Fax: 912-239-4401 |  |
| dustin@dozierlaw.com |  |